Good morning, your honors. May it please the court, Alma Puente, on behalf of the petitioner, Fernando Gonzalez-Ramirez. I'd like to reserve three minutes of my time for rebuttal. The issue before this court is whether petitioner's conviction under California Penal Code 247B, discharging a firearm at an unoccupied motor vehicle or an uninhabited building or dwelling, is categorically a crime of violence under Title 18 of the U.S. Code, Section 16A. It is petitioner's position that this conviction, that his conviction under 247B, is not a crime of violence. As such, it was error for the immigration judge to have ordered him removed without first considering the merits of his application for cancellation for certain lawful permanent residence. Of course, you've not had an opportunity to comment on the Bai Xin case that was decided by the Supreme Court in 2016 but recently suggested to this court that it's a case that we should consider. So you might want to comment on that in terms of your position that it's not a crime of violence. Absolutely, Your Honor. Thank you for pointing that out. I am in receipt of the government's 28-J letter where they do point out the Supreme Court's opinion in the case of Boisin. Petitioner's position with regards to Boisin, Your Honors, is that it's inapposite to the present case insofar as it addresses a statute where recklessness is specifically mentioned as a possible mens rea to violate the statute. The statute in question here, California Penal Code 247B, does not make any reference to any mental state whatsoever, be it negligence, recklessness, or intentionality. As such, it is our position that the Supreme Court's decision in Boisin is inapplicable. In speaking with government counsel, we do welcome, if the court is amenable to it, a supplemental filing in regards to that issue. Are you relying on footnote four? Yes, I am, Your Honor. All right. Go right ahead with your argument. Thank you. Your Honor, the position of the petitioner is that because 247B is silent with regards to mens rea, there is absolutely no mention to what the offender's frame of mind should be at the time of the commission of the crime. That's right. And what do we do with that under the law? What do we do with that? Your Honor, it's our position that it's impossible to determine that there was a use of force without the appropriate mens rea. There was not use of force, there wasn't the threat of the use of force in this case, and therefore it cannot be considered a crime of violence. With regards to the Boisin's decision, we would argue that because recklessness is not stated or implied, nor is any mens rea into the California Penal Code under which the petitioner was convicted, we would argue that the opinion of the Supreme Court is inapplicable in this situation. All right. Your Honors, the petitioner would argue that precedent case law supports our position that 247B is not a crime of violence. Specifically, we refer to the Supreme Court's decision in Leokell v. Ashcroft where it stated that the most natural way— That's where you do get into trouble with Boisin if you're going to rely on Leokell, right? That's where you do get into trouble. Let me ask you this because I want to back up a bit because I think I might be losing the thread of your argument. Isn't your argument that the California statute is overly broad because it encompasses reckless conduct? Yes, Your Honor. All right. And nobody in this case, neither of the parties have briefed whether the statute is divisible. It's not a modified categorical analysis. The government didn't go that route. No, I believe that we both agree that it is subject to the categorical approach, not the modified. Just the categorical approach. Correct. And that's the end of your argument, right? Correct. One question in light of Boisin. Any discussion that we should be considering Ray Fernandez-Ruiz? Is it necessary for this court to determine whether an alternative basis exists to support the holding in Fernandez-Ruiz before relying on the holding in Boisin? So Fernandez-Ruiz is one of the cases that's cited in the briefs of the parties, I believe. Yes, it is, Your Honor. If I could just take a moment to review my notes here with regards to that case. Basically, with regards to the cases that are mentioned in support of the government's position that this is a crime of violence, and especially Fernandez-Ruiz, Your Honors. It's our position, and we continue to rely on the fact that the California Penal Code section makes no mention of any mens rea, of any state of mind whatsoever. And that silence on the part of the California Penal Code takes the statute out of the realm of any mens rea or any possibility. But it's not, counsel, forgive me for interrupting, but it's not just the silence, right? There's California case law on point in the parallel statute, so this is really for opposing counsel's benefit as much as anything, where they've established that for the crime of shooting at an occupied vehicle, which is parallel, there's no mens rea stated there, and the California court has established that recklessness suffices. Right. With regards, Your Honor, to the shooting at an occupied vehicle, I would cite to Covarrubias-Teposte, which this court has decided, where it was found that that was not a crime of violence. And the reason, it seems to me, is very important for your argument. I want to give opposing counsel an opportunity to respond because, for me, this is really the crux of it. Sure. And the reason seems to be that we have a very clear indication from California that, regarding that statute, that recklessness suffices. Recklessness is enough. That is the basis, I think, of your argument, that this statute is overly broad. Yes, Your Honor. In reference to the Covarrubias-Teposte decision that this court, case that this court decided, even though it does consider 16B of Title 18, we would argue that it's still persuasive in the present case, insofar as the opinion, citing Fernandez-Reese, an individual may be subjected to prosecution under 246 if he consciously disregards the risk that the shots fired will hit a dwelling. But this subjective awareness of possible injury is not the same as the intentional use of physical force against the person or property of another. You indicated you wanted to save some time for rebuttal? Yes, Your Honor. Okay. Thank you. May it please the Court. I'm Jonathan Robbins, here on behalf of the Respondent, Jefferson Sessions, the Attorney General. To jump right into Your Honor's question about the California law, I think you're referencing people against Overman and the finding of the California courts with respect to 246. That statute is different, but you are correct that the California courts have found that recklessness is implicated in the 246 context. Now, that statute is a little bit different than the one we have here. First of all, the statute here doesn't have a mens re where 246 does say malicious and willful, and there's also the element of occupancy with respect to 246. It's very easy to see how reckless conduct is implicated in 246 because if you fire a weapon, it's easy to see how you could be reckless with respect to the occupancy of a vehicle or the inhabitant of the dwelling. Now, I don't know whether California law would extend the rationale of 246 to 247. They haven't done so yet. I couldn't find any cases where they've done that. But I have to concede it's possible that they could. But in the absence of that case law, what the Board did here is they said, well, we'll look at the resources we have with respect to the statute we have here, which is 247B. And in doing that, they looked at the jury instructions. They looked at the wrong set of jury instructions, right? Well, I don't know that it's necessarily the wrong set. I mean, let me put it this way. They looked at one set, and it's the set that the case law indicates we ought not favor, right? I think you were talking about they should go to the Judicial Council jury instructions instead. It's true that they went to the California ones as opposed to those. Well, both are California, but one is Cal JIC and one is Cal CRIT. Yes, that's what I meant. So what's your next argument? Well, if you disagree with the government's argument that reckless conduct is implicated in 247, then I would turn your attention to the 28-J letter in which we talk about Boise. The Supreme Court, that obviously happened after briefing was submitted in this case and after the Board's decision. But it may not matter whether 247 includes reckless conduct because under the Supreme Court's decision in which they interpreted the term use, they said that means an act of employment. And in the context of domestic violence or the misdemeanor domestic violence, they said that reckless conduct is included in that generic definition. Right. It's a really interesting case. It is. I really enjoyed reading it. But what about footnote 4? Well, they did leave open the question of whether the rationale from that case is applicable to 16A. But subsequent to the Supreme Court's decision. They specifically said we're not reaching it, right? They did. To be fair, okay. They did. But subsequent to that, the federal courts have begun to fill in the gap. Not this court, but the other circuits. And the overwhelming majority have held that the rationale of Boise is applicable to 16A. There's only one circuit that's gone the other way. That's the First Circuit. But the Fifth, the Sixth, the Eighth, and the Tenth have all held that the way the Supreme Court defined the term use is applicable to 16A. But I would say this about it. This is a really important issue. It has wide-reaching implications beyond immigration context. It also affects the criminal context because it has to do with the ACCA and sentencing guidelines. And it's really an issue that should probably be briefed in its entirety. So we would request supplemental briefing if the court disagrees with our argument regarding recklessness in the 247 context. But that being said, if you don't issue supplemental briefing, we do think that the overwhelming majority of circuits are more persuasive than the one circuit that's gone the other way. I think probably the most persuasive is the Sixth Circuit's case in United States against Burweibei where they actually respond to the First Circuit's arguments and they explain why they think they're not really valid. But again, this is a pretty hyper-technical issue and is probably appropriately addressed in supplemental briefing. I looked around to see if this issue has come up in other cases that are currently pending before this court. It's hard to tell because I don't have appearances in some of those cases. But I think United States against Burweibei might be one. I know that in the criminal context, I believe the government has filed a brief arguing that voising should be applicable to 16A. In the criminal context, I believe so. But I'm not sure what the number is. But that was what I had gathered. But I don't know that that's been done since some of the circuits have come out with their decisions. So if you want supplemental briefing that addresses sort of a more current state of the law, we'd certainly be happy to do that. And we think it would be extremely appropriate in this case given that it's a very important issue. Thank you, counsel. So unless there are any further questions. I don't know. Do we have any further questions? It looks like we don't. Thank you. Thank you very much for your time, Your Honors. Thank you. Your Honors, with regards to the issues discussed in the Supreme Court decision in voising, government counsel brings up a number of issues that were not discussed in the briefs and we've not had the opportunity to respond to those issues and those points that the government brings up, as it was brought up in a 28-J letter. So do you also request supplemental briefing? Yes, Your Honor. We would actually ask for the opportunity to file a supplemental brief in that regard, as I do agree with government counsel that it is an important point and it has a high impact in this case. With that, we'll submit the case, Your Honor. Thank you. Thank you to both of you for your arguments. We'll go on to the next case and take this case under advisement.
judges: Fernandez, Christen, Marshall